CARLOS CHAFINO V. STATE.

No. 2147. Decided February 26, 1913.

**1.—Assault to Rob—Sufficiency of the Evidence—Alibi.**

Where, upon trial of assault with intent to rob, the evidence was sufficient to support the conviction, although defendant's alibi was strongly supported by evidence for the defense, there was no error.

**2.—Same—Evidence—Custom.**

Where, upon trial of assault with intent to rob, the prosecuting witness stated that the reason the defendant did not get his money was that the witness had it in his shoe, there was no error in permitting him to testify that this was his custom.

**3.—Same—Argument of Counsel—Bill of Exceptions.**

Where the bill of exceptions did not point out the error in the argument of State's counsel, and no written charge was requested, there was no error. Following Clayton v. State, 67 Texas Rep., 311.

Appeal from the District Court of El Paso. Tried below before the Hon. James R. Harper.

Appeal from a conviction of an assault with intent to rob; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Fryer,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant appeals from a conviction of an assault with intent to rob, with a penalty of five years in the penitentiary.

The evidence for the State was amply and clearly sufficient to sustain the conviction. Appellant's defense was alibi, which was correctly submitted by the court and found against him. While appellant denied the assault to rob and had evidence by his mother, brother and himself sufficient to have established an alibi, if believed by the jury, the testimony of the State positively and without question, if believed, identified the appellant as one of the parties who committed

the assault with intent to rob, and the circumstances detailed, if believed by the jury, clearly established the State's case.

Appellant has a very brief and incomplete bill of exceptions, showing that he objected to the prosecuting witness testifying that he had his money in his shoe on the night of the alleged assault, and that it was his custom to carry his money in such manner. The bill shows no error in the admission of this testimony. This witness testified that the assault was committed by two persons,—one having a pistol and stopped him, and made him hold up his hands, while the other went through all his pockets and ran his hands up and down his body and legs in search of money, and his explanation of why they did not get his money was that he had it in his shoe and was accustomed to carry it there.

Appellant has another bill in which he claims he objected to this statement by the prosecuting attorney in his closing argument to the jury: "Gentlemen, this defendant's record is against him." The bill is entirely too meager and does not show error. No written charge is shown in the record requesting the court to charge the jury not to consider this remark, even if it was objectionable. Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119.

Nothing else is presented requiring any further discussion.

The judgment is affirmed.

*Affirmed.*